UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

IN RE:     DONNA MARIE OLIVER-WHITE                          BANKRUPTCY NO. 11-23797

### ORDER CONFIRMING PLAN

The Chapter 13 Plan of the above captioned Debtor(s), came on for a confirmation hearing before the undersigned Bankruptcy Judge in his Courtroom on the ___ day of _____, 2012. The Chapter 13 standing Trustee appeared in person.

The Trustee reports to the Court that based on his examination of the Debtor(s) and the Plan that the Plan should be confirmed.

It appears to the Court that the Chapter 13 Plan, or a summary thereof, including the Debtor's declarations contained therein, has been transmitted to all creditors, parties in interest, or persons or entities whose rights are affected in anyway by the Plan, and due notice of hearing on confirmation has been given and having heard objections to confirmation, if any, and the Court being duly advised in the premises hereby makes the following findings:

1. That the Plan complies with the provisions of Chapter 13, and with other applicable provisions of Title 11, United States Code.

2. That any fee, charge, or amount required under 28 U.S.C. Chapter 123, or by the Plan, to be paid before confirmation has been paid.

3. That the Plan has been proposed in good faith and not by any means forbidden by law.

4. That the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor(s) were liquidated under Chapter 7, Title 11, United States Code, on such date.

5. That with respect to each allowed secured claim provided for by the Plan:

    a. The holder of such claim has accepted the Plan;

    b. (i) The Plan provides that the holder of such claim retain the lien securing such claim; and

       (ii) The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each claim is not less than the allowed amount of such claim; or

    c. The Debtor(s) surrender the property securing such claim to such holder.

6. That the Debtor(s) will be able to make all payments under the Plan and comply with the Plan.

It is therefore,
ORDERED, ADJUDGED AND DECREED: that the Plan be and the same hereby is (as modified) confirmed.

It is further, ORDERED, ADJUDGED AND DECREED, that said Plan is hereby confirmed, subject to the

following terms, conditions and restrictions, and that this order shall control over any plan provision that is inconsistent herewith:

1. That notwithstanding any provision in the Debtor's Plan that the Debtor(s) are to act as the Disbursing Agent regarding the regular post-petition real estate mortgage payments relating to the Debtor's principal residence, in the event that the Court subsequently finds that the Debtor(s) in acting in such a capacity has impaired and will continue to impair the Debtor(s) ability to make said payments under, and to comply with the plan, the Court may, without further notice and hearing, order that the Debtor(s) make any such payment to the Trustee who thereafter will act as Disbursing Agent as to any such mortgage payment. Any such payment of the mortgage by the Trustee will not be subject to a percentage fee by the Trustee as opposed to the regular percentage fee of nine (9%) assessed on all other plan payments.

2. That in the event that the Debtor(s) do not cause the plan payments either to the Trustee or to any creditor to which the Debtor is acting as disbursing agent to be timely made as required by the plan as confirmed or as hereafter modified, the Trustee may request, without notice and hearing, that the Court Order any entity from whom the Debtor receives income to pay all or any part of such income to the Trustee pursuant to 11 U.S.C. §1325(c).

3. That the application by the attorney for the Debtor(s) allowance of attorney fees for services rendered to the to the Debtor(s) having been considered, the Court finds that a reasonable fee for the routine and ordinary services performed or to be performed and undertaken by said attorney is **$2,800.00** of which **$00.00** was paid to said attorney prior to the filing of the petition initiating this proceeding leaving an unpaid balance of **$2,800.00**. That the unpaid balance of said fee shall be paid as a priority administrative claim pursuant to 11 U.S.C. §507(a)(1) and 503(b) as follows:

    a. One-half (1/2) of said unpaid balance shall be paid by the Trustee to said attorney upon confirmation out of the first monies received by the Trustee; provided, however, that said sum shall not be disbursed until the Debtor paid to the Trustee a sum equal to one\half of the unpaid balance.

    b. The remainder of the unpaid balance shall be paid by the Trustee to said attorney pursuant to 11 U.S.C. §1326(b) at the rate of $50.00 per month, payable out of the first $50.00 received by the Trustee each month until the unpaid balance of the allowed fee has been paid in full; provided, however, that said monthly payments shall not commence until the Debtor's counsel has submitted a written review of all claims filed in the case to the Estate Administrator for filing with the Court, and serve a copy thereof on the Trustee, said review to be dated and submitted after the last day to timely file claims has run.

    c. The payment of any said fees can be suspended or fees disgorged by the Court, after notice and hearing, if the Debtor's attorney fails and refuses to properly render all reasonable and ordinary legal services required to complete the plan.

4. That the Debtor(s) shall maintain property damage insurance on any motor vehicles in which there is a security interest in an amount equal to the value thereof, and provide any such secured party with proof of insurance by a reputable insurance company authorized

to do business in the State of Indiana showing the secured party as loss payee. In the event the Debtor(s) fail or refuse to do so the Debtor(s) shall store any such vehicles, until proof of such insurance is provided to said secured party.

5. That the Debtor(s) shall maintain property damage insurance on any real estate in which there is a mortgage or that the Debtor is purchasing pursuant to a real estate contract in an amount equal to the value thereof, and provide any secured party with proof of insurance by a reputable insurance company authorized to do business in the State of Indiana showing the secured party as a loss payee. In the event of the Debtor(s) failure or refusal to do so the court shall enter such <u>ex parte</u> emergency relief as is just and proper under the circumstances.

6. That the Debtor(s) shall not incur any additional debt during the term of the plan without prior, written approval of the Trustee, except for emergency or routine medical, dental, optical, hospital, auto or home repair expenses.

7. That the Debtor(s) shall notify the Trustee immediately in writing of any change in the Debtor's address, or of any termination, reduction of, or change in the Debtor's employment, or of any additional employment obtained.

8. That the Debtor(s) shall not mortgage, sell or otherwise dispose, transfer or encumber any personal or real property without first obtaining written authorization from the Court after notice and hearing.

9. That the Debtor's attorney shall review all claims filed versus the Debtor's estate after the time has run to file claims to determine whether they are legally valid and correct in the amount claimed, and file a written report thereto with the Clerk of the Court, and serve a copy on the Trustee.

10. That the failure of the Debtor(s) to make plan payments due to temporary layoff, illness, or unemployment shall not constitute a material event of default under the terms of the confirmed plan which would be grounds to support a Motion to Dismiss or Convert until there has been a 60 day arrears on the plan payments.

Dated: Jun 27, 2012

_____
Judge, U.S. Bankruptcy Court

Distribution:

    Debtor, Debtor's attorney
    Trustee
    U.S. Trustee
Rev. 4/2/90